UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MICHAEL HOWARD,

        Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MACKENSON NELSON, shield # 16956, POLICE
OFFICER JOSEPH RUSSO, shield # 16105,
POLICE OFFICER JAMES MCCULLOUGH,
shield # 31112, POLICE OFFICER BRIAN
HILLMAN, shield # 23206, POLICE OFFICERS
JANE/JOHN DOE(S), 79th precinct,

        Defendants.
---------------------------------------------------------------X

**AMENDED COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

    PLAINTIFF MICHAEL HOWARD, by his attorney DAVID A. ZELMAN, ESQ., for his COMPLAINT, alleges upon information and belief, as follows:

I. PRELIMINARY STATEMENT

1.   This is a civil rights action in which PLAINTIFF MICHAEL HOWARD (hereinafter "HOWARD") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about November 18, 2011, at approximately 3:00 p.m., at or near Fulton Street and Marcus Garvey Boulevard, Brooklyn, New York, HOWARD was illegally stopped and searched and falsely arrested by Defendants, including, but not limited to, POLICE OFFICER MACKENSON NELSON, shield # 16956, POLICE OFFICER JOSEPH RUSSO, shield # 16105, POLICE OFFICER JAMES MCCULLOUGH, shield # 31112, POLICE OFFICER BRIAN HILLMAN, shield #

23206, and POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter collectively "Defendants") in violation of his civil rights.

2. ## II. <u>JURISDICTION</u>

3. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. <u>PARTIES</u>

4. HOWARD at all times relevant hereto resided in Kings County, New York.

5. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

6. Defendant POLICE OFFICER MACKENSON NELSON, shield # 16956 (hereinafter "NELSON") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. NELSON is sued in his official and individual capacities.

7. Defendant POLICE OFFICER JOSEPH RUSSO, shield # 16105 (hereinafter "RUSSO") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. RUSSO is sued in his official and individual capacities.

8. Defendant POLICE OFFICER JAMES MCCULLOUGH, shield # 31112 (hereinafter "MCCULLOUGH") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. MCCULLOUGH is sued in his official and individual capacities.

9. Defendant POLICE OFFICER BRIAN HILLMAN, shield # 23206 (hereinafter "HILLMAN") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. HILLMAN is sued in his official and individual capacities.

10. Defendants POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

11. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

12. On or about November 18, 2011, at approximately 3:00 p.m., HOWARD was driving his girlfriend's vehicle on Marcus Garvey Boulevard near the intersection with Fulton Street, Brooklyn, New York.

13. Plaintiff's girlfriend's grandson, E. E., 9 years old, was in the vehicle with Plaintiff.

14. A police vehicle approached Plaintiff's vehicle and Defendants ordered Plaintiff to pull over.

15. Defendants pulled Plaintiff out of the vehicle, and handcuffed him.

16. Defendants searched Plaintiff's vehicle and Plaintiff's person.

17. No contraband was found in the vehicle or on Plaintiff.

18. Claimant was transported to the 79th precinct, where he was held until approximately 2:30 A.M on November 19, 2011.

19. Defendants strip-searched Plaintiff at the precinct, which included ordering Plaintiff to remove all his clothing and then ordering Plaintiff to squat and cough.

20. No contraband was found during the strip search.

21. Plaintiff was charged with attempted tampering with physical evidence (P.L. §§ 110/215.40(2)).

22. Claimant was transported to Central Booking, where he was held until approximately 10:00 A.M. on November 20, 2011, when claimant was arraigned.

23. All charges against Claimant were dismissed at the arraignment on November 20, 2011.

24. That heretofore and on the 22nd day of February, 2011, HOWARD's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of HOWARD, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

25. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL TRAFFIC STOP)

26. Paragraphs 1 through 24 of this complaint are hereby realleged and incorporated by reference herein.

27. That Defendants stopping HOWARD constituted a seizure.

28. That the seizure of HOWARD was unlawful in that Defendants had no reasonable suspicion to detain him.

29. That Defendants lacked reasonable suspicion that HOWARD committed a crime or was about to commit a crime.

30. That HOWARD's actions prior to being stopped by Defendants were innocuous and readily susceptible of an innocent interpretation.

31. That HOWARD committed no traffic violations on November 18, 2011 prior to being stopped by Defendants.

32. That Defendant had neither probable cause nor reasonable suspicion that HOWARD committed a traffic violation.

33. That in stopping HOWARD without probable cause or reasonable suspicion, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely stopped persons without probable cause or reasonable suspicion. HOWARD was but one of those persons.

34. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

35. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

36. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of HOWARD's rights alleged herein.

37. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of HOWARD's rights, subjected HOWARD to an unlawful seizure, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

38. By reason of the foregoing, HOWARD suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to State Law (ILLEGAL TRAFFIC STOP)

39. Paragraphs 1 through 37 are hereby realleged and incorporated by reference herein.

40. That Defendants stopping HOWARD constituted a seizure.

41. That the seizure of HOWARD was unlawful in that Defendants had no reasonable suspicion to detain him.

42. That Defendants lacked reasonable suspicion that HOWARD committed a crime or was about to commit a crime.

43. That HOWARD's actions prior to being stopped by Defendants were innocuous and readily susceptible of an innocent interpretation.

44. That HOWARD committed no traffic violations on November 18, 2011 prior to being stopped by Defendants.

45. That Defendant had neither probable cause nor reasonable suspicion that HOWARD committed a traffic violation.

46. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of HOWARD's rights, deprived him of his liberty when they subjected him to an unlawful, illegal seizure, in violation of State law.

47. That by reason of the foregoing, HOWARD suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL SEARCH)

48. Paragraphs 1 through 46 of this complaint are hereby realleged and incorporated by reference herein.

49. That Defendants searched HOWARD's vehicle.

50. That the search of HOWARD's vehicle was unlawful in the Defendants did not have probable cause to believe that HOWARD's vehicle contained evidence of criminal activity.

51. That PLAINTIFF was handcuffed at the time of the search and not in reaching distance of the vehicle.

52. That Defendants searched HOWARD.

53. That the seizure of HOWARD was unlawful in that Defendants did not have probable cause to believe that HOWARD had committed a crime or had weapons or contraband on his person.

54. That in searching HOWARD's vehicle and person without probable cause or reasonable suspicion, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely searched vehicles and persons without probable cause or reasonable suspicion. HOWARD was but one of those persons.

55. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

56. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

57. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of HOWARD's rights alleged herein.

58. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of HOWARD's rights, subjected HOWARD to an unlawful search, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

59. By reason of the foregoing, HOWARD suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (ILLEGAL SEARCH)

60. Paragraphs 1 through 58 are hereby realleged and incorporated by reference herein.

61. That Defendants searched HOWARD's vehicle.

62. That the search of HOWARD's vehicle was unlawful in the Defendants did not have probable cause to believe that HOWARD's vehicle contained evidence of criminal activity.

63. That PLAINTIFF was handcuffed at the time of the search and not in reaching distance of the vehicle.

64. That Defendants searched HOWARD.

65. That the seizure of HOWARD was unlawful in that Defendants did not have probable cause to believe that HOWARD had committed a crime or had weapons or contraband on his person.

66. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of HOWARD's rights, deprived him of his liberty when they subjected him to an unlawful, illegal search, in violation of State law.

67. That by reason of the foregoing, HOWARD suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
### Pursuant to § 1983 (FALSE ARREST)

68. Paragraphs 1 through 66 of this complaint are hereby realleged and incorporated by reference herein.

69. That Defendants had neither valid evidence for the arrest of HOWARD nor legal cause or excuse to seize and detain him.

70. That in detaining HOWARD without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. HOWARD was but one of those persons.

71. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

72. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

73. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of HOWARD's rights alleged herein.

74. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of HOWARD's rights, subjected HOWARD to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

75. By reason of the foregoing, HOWARD suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

76. Paragraphs 1 through 74 are hereby realleged and incorporated by reference herein.

77. That the seizure, detention and imprisonment of HOWARD was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

78. That Defendants intended to confine HOWARD.

79. That HOWARD was conscious of the confinement and did not consent to it.

80. That the confinement was not otherwise privileged.

81. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of HOWARD's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

82. That by reason of the foregoing, HOWARD suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### XI. SEVENTH CAUSE OF ACTION
Pursuant to § 1983 (ILLEGAL STRIP SEARCH)

83. Paragraphs 1 through 81 are hereby realleged and incorporated by reference herein.

84. That Defendants strip searched HOWARD absent a requisite reasonable suspicion that HOWARD was concealing weapons and / or contraband.

85. That Defendants had no legally sufficient cause to strip search HOWARD.

86. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of HOWARD's rights, subjected HOWARD to an illegal strip search, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

87. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

### XII. EIGHTH CAUSE OF ACTION
Pursuant to State Law (ILLEGAL STRIP SEARCH)

88. Paragraphs 1 through 86 are hereby realleged and incorporated by reference herein.

89. That Defendants strip searched HOWARD absent a requisite reasonable suspicion that HOWARD was concealing weapons and / or contraband.

90. That Defendants had no legally sufficient cause to strip search HOWARD.

91. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of HOWARD's rights, subjected HOWARD to an illegal strip search violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

92. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

### XIII. NINTH CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

93. Paragraphs 1 through 91 are hereby realleged and incorporated by reference herein.

94. That Defendants had no legal cause nor excuse to detain HOWARD for a prolonged period prior to arraignment.

95. That Defendants detained HOWARD excessively prior to arraignment in violation of HOWARD's civil rights.

96. That Defendants detained HOWARD with ill will and/or negligently.

97. That Defendants should have expeditiously investigated this matter and released HOWARD.

98. By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of HOWARD=s rights, deprived HOWARD of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and

Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

99. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

100. That upon information and belief, in 2011, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

101. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

102. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

103. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of HOWARD=s rights alleged herein.

104. That Defendant, through its officers, agents and employees, unlawfully incarcerated HOWARD for an excessive period of time prior to arraignment.

105. By reason of the foregoing, HOWARD suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## XIV. TENTH CAUSE OF ACTION
Pursuant to State Law (PRE-ARRAIGNMENT DELAY)

106. Paragraphs 1 through 103 are hereby realleged and incorporated by reference herein.

107. Defendants negligently and/or intentionally failed to arraign plaintiff promptly following his arrest as required by New York State and Federal laws, rules, regulations and statutes.

108. Said failure to promptly arraign plaintiff caused his arrest to be void ab initio.

109. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## XV. TWELFTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

110. Paragraphs 1 through 107 are hereby realleged and incorporated by reference herein.

111. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

112. That at all times Defendants were acting within the scope of their employment.

113. That Defendant CITY was able to exercise control over Defendants activities.

114. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, HOWARD suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, HOWARD has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, HOWARD respectfully requests that judgment be entered:

1. Awarding HOWARD compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding HOWARD punitive damages in an amount to be determined by a jury;

3. Awarding HOWARD interest from November 18, 2011 and

4. Awarding HOWARD reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
May 22, 2012

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072